IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEIDRA J. THOMAS, | No.  CIV.S-05-1566 LKK DAD PS |
| Plaintiff, | |
| v. | |
| KAISER FOUNDATION HOSPITALS, et al., | |
| Defendants. | |
| _____/ | |

**STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on August 4, 2006, at 11:00 a.m..  Plaintiff,

1

proceeding pro se, appeared on her own behalf.  William Bishop appeared as counsel for defendant Kaiser Foundation Hospitals, the only remaining defendant in this action.  After hearing, the court makes the following findings and orders:

### SERVICE OF PROCESS

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

### JOINDER OF PARTIES/AMENDMENTS

Defendant is granted leave to file an amended answer within twenty (20) days of the date of this order.  Thereafter, no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, is undisputed and is hereby found to be proper, as is venue.

### MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **May 4, 2007.**  The word "completed" in this context means that all law and motion matters must be **heard** by the above date.  Because this date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to contact this court's courtroom deputy, Pete Buzo, at (916) 930-4128, sufficiently in advance so as to ascertain the dates upon which law and motion will

1 be heard and to properly notice its motion for hearing before that
2 date.  Counsel are cautioned to refer to Local Rule 78-230 regarding
3 the requirements for noticing such motions on the court's regularly
4 scheduled law and motion calendar.  **Opposition or statement of non-**
5 **opposition to all motions shall be filed not later than 4:30 p.m.**
6 **fourteen (14) days preceding the hearing date, or by proof of service**
7 **by mail not less than seventeen (17) days preceding the hearing date**.
8 This paragraph does not preclude motions for continuances, temporary
9 restraining orders or other emergency applications, and is subject to
10 any special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
11 paragraph below.  Dispositive motions shall be noticed for hearing
12 before the undersigned, to be resolved on findings and
13 recommendations to the district court.  See 28 U.S.C. § 636(b)(1)(B)
14 and L.R. 72-302(c)(21).

15          The parties should keep in mind that the purpose of law and
16 motion is to narrow and refine the legal issues raised by the case,
17 and to dispose of by pretrial motion those issues that are
18 susceptible to resolution without trial.  To accomplish that purpose,
19 the parties need to identify and fully research the issues presented
20 by the case, and then examine those issues in light of the evidence
21 gleaned through discovery.  If it appears to counsel after examining
22 the legal issues and facts that an issue can be resolved by pretrial
23 motion, counsel are to file the appropriate motion by the law and
24 motion cutoff set forth supra.

25          <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
26 PRETRIAL MOTION.  Counsel are reminded that motions in limine are

procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE of MOTIONS IN LIMINE AT THE TIME OF TRIAL.  COUNSEL ARE FURTHER CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND MOTION CUTOFF, SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAILED TO TIMELY FILE AN APPROPRIATE MOTION.

**DISCOVERY**

As discussed on the record during the status conference, and as agreed by the parties, the court hereby authorizes the further deposition of plaintiff not to exceed an additional seven (7) hours in length.

All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by **March 16, 2007.**  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than twenty-eight (28) days after personal service and filing of the motion or not less than thirty-one (31) days after mailed service and filing of the motion. In this regard, plaintiff is to designate in writing and file with the court and serve upon all other parties the names of all experts

that she proposes to tender at trial not later than **January 19, 2007.** Defendant is to designate in writing and file with the court and serve upon all other parties the names of all experts that it proposes to tender at trial not later than **February 2, 2007.** All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and © that the witness was promptly proffered for deposition.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is **SET** for **July 23, 2007, at 1:30 p.m.**, before the Honorable Lawrence K. Karlton.  The parties are cautioned that counsel appearing for Pretrial will in fact try the matter.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 40-280 and 16-281 relating to the

5

1  contents of and time for filing Pretrial Statements.  In addition to
2  those subjects listed in Local Rule 16-281(b), the parties are to
3  provide the court with a plain, concise statement which identifies
4  every non-discovery motion tendered to the court, and its resolution.
5  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE
6  GROUNDS FOR SANCTIONS.
7         Plaintiff and defendant shall each file a separate Pretrial
8  Statement in accordance with the provisions of Local Rule 16-281.
9  Additionally, the parties are to prepare a JOINT STATEMENT with
10 respect to the undisputed facts and disputed factual issues of the
11 case.  See Local Rule 16-281(b)(3), (4), and (6).  In that joint
12 statement, the undisputed facts and disputed factual issues are to be
13 set forth in two separate sections.  In each section, the parties
14 should identify first the general facts relevant to all causes of
15 action.  After identifying the general facts, the parties should then
16 identify those facts which are relevant to each separate cause of
17 action.  In this regard, the parties are to number each individual
18 fact or factual issue.  Where the parties are unable to agree as to
19 what factual issues are properly before the court for trial, they
20 should nevertheless list in the section on "DISPUTED FACTUAL ISSUES"
21 all issues asserted by any of the parties and explain by
22 parenthetical the controversy concerning each issue.  The parties
23 should keep in mind that, in general, each fact should relate or
24 correspond to an element of the relevant cause of action.
25 Notwithstanding the provisions of Local Rule 16-281, the Joint
26 Statement of Undisputed Facts and Disputed Factual Issues is to be

filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide in their separate Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed **alphabetically**. In the event that the alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z, 3A-3Z, etc." The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during

/////

trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and if state law, the state whose law is applicable.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is **SET** for **October 23, 2007, at 10:30 a.m.** before the Honorable Lawrence K. Karlton. Trial will be by the court.

**SETTLEMENT CONFERENCE**

A Settlement Conference will be set before a judge other than the trial judge at the time of the Pretrial Conference.

Counsel are cautioned to have a principal capable of disposition present at the Settlement Conference or to be fully

authorized to settle the matter on any terms and at the Settlement Conference.

### MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.** Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

**Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

DATED: August 4, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1/orders.prose/thomas1566.schedord