IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIEIDRA J. THOMAS,

        Plaintiff,

   v.

KAISER FOUNDATION HOSPITALS, et al.,

        Defendants.

_____/

No.  CIV.S-05-1566 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

        This matter came before the court on December 8, 2006, for hearing on defendant Kaiser Foundation Hospitals' motion to dismiss due to plaintiff's lack of prosecution and failure to attend her deposition.  William Bishop appeared on behalf of defendant Kaiser Foundation Hospitals, the only remaining defendant.  Plaintiff, proceeding pro se, appeared on her own behalf.[1]  For the reasons

---

[1] Plaintiff was permitted to argue even though her opposition was filed the day before the hearing.  Moreover, that opposition was not served by plaintiff on defendant's counsel.  Nonetheless, the court has considered plaintiff's untimely, one-page opposition to defendant's motion to dismiss.

1

explained below, the undersigned will recommend that this action be dismissed due to plaintiff's failure to attend her duly noticed deposition.

Federal Rule of Civil Procedure 37(d)(1) provides, in relevant part:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d)(1). Federal Rule of Civil Procedure 37(b)(2)(C) allows the court to make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(C).

A district court has discretion in imposing discovery sanctions. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). In determining whether to dismiss an action or enter default pursuant to Rule 37(b)(2)(C), a district court must consider five factors:

> "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

2

> the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" [Payne, 121 F.3d at 507](quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

Plaintiff initiated this action a year and a half ago by filing her complaint in state court. Defendants promptly removed the case to federal court. This court set an initial status conference for December 2, 2005, at which time plaintiff appeared. Despite having been cautioned to complete service of process in the initial order setting status, plaintiff had not completed service of process on defendant Hospital & Health Care Workers' Union Local 250 at that time. The court granted plaintiff additional time to complete service and continued the status conference.

A further status conference was held on March 10, 2006. At that time, there was no indication in the court file that plaintiff had completed service of process. However, plaintiff appeared and represented that she had served defendant Local 250 as directed but had mistakenly filed proof of that service in the Sacramento County Superior Court, the court from which this action had been removed. This court continued the status conference once again, affording plaintiff still more time to file a proof of service as to defendant Local 250. Additionally, plaintiff was reminded by the court for at least the second time to: (1) keep the court apprised of her current address of record; (2) file all

/////

3

documents in this court only with a proper caption and case number; and (3) serve all filings on opposing counsel.

Another status conference was held on April 14, 2006. Plaintiff failed to appear at that time.  Therefore, the court recommended that defendant Local 250 be dismissed for lack of timely service under Federal Rule of Civil Procedure 4(m) and also ordered plaintiff to show cause why this matter should not be dismissed for lack of prosecution.  Plaintiff's response to that order to show cause was substantially non-responsive and essentially asked the court to "forgive all my ignorance."  (Doc. No. 21, filed May 1, 2006.)  Out of an abundance of caution, the court discharged the order to show cause and scheduled a fourth status conference.[2]  At the fourth status conference held on August 4, 2006, this case was finally scheduled and the parties were left to conduct discovery. However, as set forth in detail in the pending motion, defendant Kaiser Foundation Hospitals' best efforts to conduct discovery over the last sixteen months have proven nearly fruitless due to plaintiff's actions.

Defendant's motion, accompanying memorandum of points and authorities and declaration of counsel persuasively make the case that this matter should be dismissed due to plaintiff's discovery misconduct.  Plaintiff has engaged in a series of discovery abuses culminating in her failure on two occasions to appear for her duly noticed deposition.  See Payne v. Exxon Corp., 121 F.3d 503, 508

---

[2] Subsequently, the assigned district judge adopted the recommendation of the undersigned and dismissed defendant Local 250.

4

1  (9th Cir. 1997)("The district court may properly consider all of a
2  party's discovery misconduct in weighing a motion to dismiss,
3  including conduct which has been the subject of earlier sanctions.";
4  <u>Adriana Intern. Corp. v. Thoeren</u>, 913 F.2d 1406, 1411-12 (9th Cir.
5  1990)("A court may consider prior misconduct when weighing a
6  subsequent sanction motion.  Therefore, the district court properly
7  considered all of Adriana's discovery conduct in deciding Thoeren's
8  motion for default.").  In short, defendant's motion demonstrates
9  that: (1) defendant rescheduled plaintiff's initially noticed
10 deposition at plaintiff's request; (2) the second notice of
11 plaintiff's deposition was returned as undeliverable to plaintiff;
12 (3) the third time her deposition was scheduled plaintiff appeared
13 but was uncooperative;[3] (4) plaintiff cancelled her re-scheduled
14 deposition (i.e., the fourth deposition) and then arbitrarily
15 insisted that any further deposition not occur between certain hours
16 of the day or on consecutive days; (5) despite assurances to defense
17 counsel that she would appear, plaintiff nonetheless failed to
18 appear for her noticed deposition on July 26, 2006 (i.e., the fifth
19 scheduled deposition date), claiming that she had forgotten about
20 the date; and (6) despite still further assurances to defense
21 counsel that she would appear, plaintiff failed once again to appear
22 for her re-noticed deposition on September 27, 2006.  On November 6,
23 2006 defendant filed and served the pending motion seeking dismissal
24 due to plaintiff's lack of prosecution and failure to attend her

---

26  [3] For example, plaintiff refused to state her name for the record, telling counsel: "You are a lawyer, go pull up DMV."

5

noticed depositions. As noted above, plaintiff did not respond in any way to this motion until the day before the properly noticed hearing. In fact, defense counsel did not hear from plaintiff after her last failure to appear at deposition until she appeared at the December 8, 2006, hearing on the pending motion.

This history demonstrates to the court that plaintiff has willfully failed to appear at her duly noticed deposition on several occasions. Lesser sanctions such as monetary sanctions would appear to be ineffective, plaintiff having suggested that she would be unable to pay monetary sanctions. Additionally, plaintiff has engaged in this dilatory conduct despite the court already dismissing one defendant for lack of timely service and issuing an earlier order to show cause why this matter should not be dismissed for lack of prosecution. Plaintiff's conduct over the last year and a half since she initiated this action has undermined the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket. While plaintiff belatedly filed opposition to the motion and appeared at the hearing, she has not demonstrated any risk of prejudice as a result of dismissing this action. Indeed, plaintiff's opposition does not even address her failure to cooperate in the discovery process.[4] While the sanction of dismissal is a drastic one, it should be imposed under these

---

[4] The one-page handwritten opposition merely offers, in sum, that plaintiff's "absence in court with the defendant Kaiser (KFH) was not because I did not want to work through this case. I just could not come to court due to new job and school schedule." (Pl.'s Opp'n at 1.)

6

1  extreme circumstances.  Therefore, while recognizing the public
2  policy favoring disposition of cases on their merits, the
3  undersigned will recommend that the assigned district judge dismiss
4  this action.
5          Accordingly, IT IS HEREBY RECOMMENDED that defendant's
6  motion be granted and this action be dismissed due to plaintiff's
7  failure to attend her duly noticed deposition.  Fed. R. Civ. P.
8  37(d)(1) & 37(b)(2)(C).
9          These findings and recommendations are submitted to the
10 United States District Judge assigned to the case, pursuant to the
11 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
12 being served with these findings and recommendations, any party may
13 file written objections with the court.  Such a document should be
14 captioned "Objections to Magistrate Judge's Findings and
15 Recommendations."  The parties are advised that failure to file
16 objections within the specified time may waive the right to appeal
17 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153
18 (9th Cir. 1991).
19 DATED: December 8, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23 DAD:th
   DDad1/orders.prose/thomas1566.f&r.dismiss

7